**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| JEAN MARY WILFORT, | : |
| Petitioner, | : |
| vs. | :  07-0350-CG-C |
| ALBERTO GONZALES, et al., | : |
| Respondents. | |

**REPORT AND RECOMMENDATION**

Jean Mary Wilfort, a native and citizen of Haiti, has filed a complaint for declaratory and injunctive relief and motion for temporary restraining order and motion for stay of removal (Doc. 1) pursuant to 28 U.S.C. § 2241. This matter has been referred to the undersigned for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c). It is recommended that the instant petition be dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases[1] because this Court lacks the

---

[1] A district court has the power under Rule 4 of the Rules Governing Section 2254 Cases "to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state." *Kiser v. Johnson,* 163 F.3d 326, 328 (5th Cir. 1999). Rule 4 provides, in pertinent part, that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." 28 U.S.C. foll. § 2254, Rule 4. While the instant action is brought pursuant to 28 U.S.C. § 2241, not 28 U.S.C. § 2254, "the Rules Governing Section 2254 Cases may still be applied here[,]" *Hudson v. Helman*, 948 F.Supp. 810 (C.D. Ill. 1996) (citation

authority to grant petitioner the relief he has requested.

The petition for relief filed in this Court on May 16, 2007, reads, in relevant part, as follows:

> **PETITIONER** . . . Jean Mary Wilfort . . . hereby petitions this Honorable Court to issue an order restraining the United States Department of Homeland Security, Immigration and Customs Enforcement . . . to remove him from the United States pending his application for adjustment of status and petition for alien relative I-130 with the United States Citizenship and Immigration Services ("USCIS").
>
> .  .  .
>
> 11.     Petitioner, Jean Mary Wilfort, is a native and citizen of Haiti. He arrived in the United States in 1980 at Miami, Florida. His removal proceedings started by the issuance of a Notice to Appear [] charging to be removable as an aggravated felon due to his criminal conviction. []
>
> 12.     On March 8, 1999, Petitioner's conviction was vacated and is no longer a ground of removal as previously charged by the DHS-ICE. []
>
> 13.     Petitioner is currently awaiting the decision of the USCIS on his applications for adjustment of status and petition for alien relative I-130 which was petitioned by his U.S. citizen spouse.

---

omitted); *see also Potts v. Daniels,* 2006 WL 533512, *1 (D. Oregon 2006) ("[T]he court elects to exercise its discretion and apply the Rules Governing Section 2254 Cases to petitioner's habeas corpus action filed pursuant to 28 U.S.C. § 2241."); *Howard v. Haley*, 2001 WL 303534, *1 (S.D. Ala. 2001) (applying Rule 4 of the Rules Governing Section 2254 Cases to a petition filed under 28 U.S.C. § 2241), inasmuch as Rule 1(b) of the Rules Governing Section 2254 Cases provides that "[t]he district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)." 28 U.S.C. foll. § 2254, Rule 1(b).

14. Petitioner's order is final and he is awaiting removal to Haiti. Petitioner alleges that if he is removed, he will lose the ability to pursue his application for adjustment of status without any effective resources or alternative[s]. Under applicable law, removal will deprive him of the ability to apply for admission in the United States for at least 10 years. Petitioner also has a motion to reopen pending with the Board of Immigration Appeals [] in connection to his applications with the USCIS.

15. Petitioner is a father of 7 U.S. citizen children and his removal would cause an extreme unusual hardship to his entire family.

. . .

**PRAYER FOR RELIEF**

**WHEREFORE,** Petitioner prays that this Court **GRANT** him the relief requested below:

1. Assume jurisdiction over this matter;

2. Grant Petitioner a stay of removal restraining the Respondents to remove Petitioner from the United States;

3. Enter preliminary and permanent injunctive relief enjoining Respondents from further unlawful detention of Petitioner; [and]

4. Issue a temporary restraining order against Respondents from removing Petitioner to Haiti until adjudication of his application for adjustment of status and his petition for alien relative I-130.

(Doc. 1, at 1, 4 & 6)

By statute, a petition for review of an order of removal and a request for

stay of removal must be filed "with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." 8 U.S.C. § 1252(b)(2). Accordingly, petitioner's requests for a stay of removal and for a temporary restraining order against the respondents to prevent his removal are requests that need be made to the appropriate court of appeals, in this instance the Eleventh Circuit Court of Appeals, *Dorelien v. U.S. Attorney General*, 317 F.3d 1314, 1317 & 1319 (11th Cir. 2003) ("As outlined in *Weng v. U.S. Attorney General*, this Court correctly concluded that 'the plain language of "enjoin[ing]" removal of an alien . . . encompasses the act of staying of removal.' . . . '[N]o court shall enjoin . . . removal' encompasses Dorelien's motion because stay relief is quintessential injunctive relief."); *see also Obale v. Attorney General of the United States*, 453 F.3d 151, 161 (3rd Cir. 2006) ("We apply the standard for granting a preliminary injunction when examining a petition for a stay of removal."), and that court will be able to exercise its jurisdiction to grant such relief provided Wilfort satisfies the statutory requirements for such relief, *Ngarurih v. Ashcroft*, 371 F.3d 182, 194 (4th Cir. 2004) ("It is not enough to say that we have jurisdiction over the order of removal. That fact gives us only the prerogative to apply equitable remedies to *that* order. Thus, we are free to grant a stay of removal when the alien

satisfies the statutory requirements for such relief. *See* 8 U.S.C. § 1252(f)(2).").

In light of the foregoing, the undersigned recommends that this Court dismiss the complaint filed in this action pursuant to Rule 4 of the Rules Governing Section 2254 Cases because it lacks the authority to grant petitioner the relief he has requested.[2]

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 20th day of June, 2007.

       s/WILLIAM E. CASSADY
       **UNITED STATES MAGISTRATE JUDGE**

---

[2] The undersigned perceives no need for this Court to transfer this matter to the Eleventh Circuit Court of Appeals inasmuch as it is unclear from the complaint that all administrative proceedings have been concluded in this matter. (*See* Doc. 1, at ¶ 14 ("Petitioner also has a motion to reopen pending with the Board of Immigration Appeals [] in connection to his applications with the USCIS."))

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l.      *Objection*.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                                                s/WILLIAM E. CASSADY
                                                                UNITED STATES MAGISTRATE JUDGE